# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY ZIERKE,** | : | **No. 4:24cv919** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Gary Zierke ("Zierke"), a federal inmate who was housed, at all relevant times, at the Federal Correctional Institution, Schuylkill, Pennsylvania, filed this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*[1]  (Doc. 1).

Zierke seeks to proceed *in forma pauperis.*  (Doc. 5).  An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will grant the motion to proceed *in forma pauperis* for the sole purpose of the

---

[1] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

filing of the action and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  **Legal Standard**

The court will grant Zierke leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted); Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

At this early stage of the litigation, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to the *pro se* plaintiff.  Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). Because Zierke proceeds *pro se*, his pleading is liberally construed and his

---

[2] Because Zierke is a prisoner, he must still pay the $350.00 filing fee in installments as mandated by the Prison Litigation Reform Act.

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  **Zierke's Complaint**

On March 24, 2024, Zierke was allegedly "threatened" by other inmates while in the prison chapel. (Doc. 1, at 2-3).  Zierke alleges that the prison chaplain did not call for assistance, "but rather [] let several inmates walk free from the chapel without any further incident," in violation of prison policy.  (Id. at 2).  He asserts that it is "against the law" to commit a crime in a religious place of worship.  (Id. at 3).  As a result of the incident, Zierke suffered fear and anxiety. (Id.).  For relief, he requests $1.5 million.  (Id.)

## III.  **Discussion**

Zierke asserts an FTCA claim against the United States based on the March 24, 2024, incident in the prison chapel.  As a sovereign, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); see also United States v. Sherwood, 312 U.S. 584, 586 (1941); Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008).  Under the FTCA, the United States has waived its sovereign immunity with respect to negligent

3

torts committed by employees of the federal government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674; Merando, 517 F.3d at 164. Thus, the FTCA provides "a remedy in damages for the simple negligence of employees of the United States to protect federal inmates." Millbrook v. United States, 8 F. Supp. 3d 601, 616 (M.D. Pa. 2014) (citing United States v. Muniz, 374 U.S. 150, 150 (1963)).  The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and its employees.  See 28 U.S.C. § 1346; 28 U.S.C. § 2679(b).  "[S]trict adherence to the terms and requirements of the FTCA is jurisdictional and cannot be waived." Dilg v. U.S. Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1986).

Zierke seeks an award of monetary damages from the United States under the FTCA, alleging that a prison chaplain negligently failed to call for assistance when other inmates allegedly threatened Zierke.[3]  Although Zierke claims that he was threatened, he alleges no physical injury as a result.  (Doc. 1).  All that he alleges is an incident in which he was threatened and suffered fear and anxiety

---

[3] Zierke has not alleged that the prison chaplain's alleged failure to adhere to a Bureau of Prisons' policy constitutes negligence per se.  The court construes Zierke's claim to be that the prison chaplain, in derogation of a federal prison policy, negligently failed to call for assistance after the alleged threat.

4

while awaiting transfer.  (Id.).  Zierke was subsequently transferred to another prison.[4]  Under the FTCA, a convicted inmate is explicitly precluded from "bring[ing] a civil action against the United States…for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2).  Accordingly, in the absence of any allegation of a physical injury, the complaint must be dismissed.

## IV.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The court concludes that granting Zierke leave to amend would be futile as the complained of deprivation simply does not rise to the level of a violation under the FTCA.

---

[4] Zierke is currently housed at the Federal Correctional Institution, Atlanta, Georgia. See FEDERAL BUREAU OF PRISONS' ONLINE INMATE LOCATOR, available at: https://www.bop.gov/inmateloc/ (last accessed July 11, 2024).

5

## V.   Conclusion

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  An appropriate order shall issue.

Date: July 15, 2024

JUDGE JULIA K. MUNLEY
United States District Court